## PRACTICE—UNITED STATES COURT OF APPEALS.

[Hamilton Circuit Court, 1896.]

IN EST. BARR.

1. DECREE OF U. S. CIRCUIT COURT OF APPEALS.

A decree of the United States Circuit Court of Appeals is not void because it fails to show the exception of certain parties from its operation, which exception was made in the opinion announced. Failure to make the exception bars the rights of all parties to the suit.

2. ADVERSE DECISION ON APPEAL OF ONE PARTY.

Under the practice in the United States Court of Appeals, an adverse decision, on the appeal of one party determines the rights of all parties to the suit.

APPEAL from the Court of Common Pleas of Hamilton county.

MEMORANDUM of decision.

The case was on appeal from the decision of Judge Buchwalter, rendered in 1884. Under that decree, certain of the plaintiffs, whose right of action was not barred by the statute of limitations, were awarded small fractional interests. Following the entering of that decree, another branch of the case, which had been brought in the superior court, was removed to the United States court, and all the parties in interest were brought into that proceeding. Then followed the decree of that

---

*See also 1 Circ. Dec., 546; 2 Circ. Dec., 251; and 4 Circ. Dec., 641, and Ib., 637.

court in 1891, awarding the complainants a seven-eighteenths interest in the property in suit, and this decree was in turn followed by that of the circuit court of appeals in 1895, reversing the first judgment, and finding that the complainants had no right of action.

Going back to the Hamilton county circuit court, the defendants moved to dismiss the appeal pending there. This motion was overruled by the court on information, the correctness of which was not disputed at the time, to the effect that the United States circuit court of appeals had excepted from its decree those of the complainants whose right of action Judge Buchwalter had found was not barred by the statute of limitations. The defendants in possession then came in, setting up the decree of the United States court of appeals as a complete bar against all the complainants and at the hearing it developed that,while the United States court of appeals did except, in the opinion which was announced, the rights of certain of the complainants from the operation of the decree therein granted, there was no such exception made in the decree itself, but on the contrary it stands as a complete bar to all of the claimants.

This left Mr. Crawford with two contentions upon which to rest his cause: (1) That the decree of the United States court of appeals is void; and (2) that under the practice in the United States courts, an adverse decision on the appeal of one party to a cause does not prejudice the cause of the other parties who took no appeal—but ten of the defendants in possession having appealed from the decision of the United States circuit court.

On both of these propositions the county circuit court was clear that Mr. Crawford was wrong, and a decree will be granted that will end the Barr case in that court. This leaves Mr. Crawford no ground upon which to stand except his petition to the United States Supreme Court for a writ of *certiorari*.